IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KRYSTOPHER WALDEN,

    PLAINTIFF,

v.                              CASE NO.:

BOARD OF COMMISSIONERS,
ESCAMBIA COUNTY/ ESCAMBIA
COUNTY AREA TRANSIT,

    DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Krystopher Walden, (hereinafter referred to as the "Plaintiff" or "Walden"), by and through his undersigned attorney, sues the Defendant, Board of Commissioners, Escambia County, Escambia County Area Transit, (hereinafter referred to as the "Defendant" or "BCEC"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for disability discrimination under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; 29 USCS §§ 2611 et seq; the Family Medical Leave Act ("FMLA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981.

1

## JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Defendant is considered an employer within the terms and conditions of the FMLA. Defendant employs fifty (50) or more employees within 75 miles of the worksite of Plaintiff.

4. Plaintiff worked for Defendant from January 17, 2017, until his unlawful termination on December 9, 2019. Plaintiff is considered an "eligible employee" for purposes of the FMLA as he has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

7. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

8. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial

district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

9. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On April 14, 2020, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202024819) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202000820). On October 8, 2020, the FCHR made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received after February 23, 2021.

## PARTIES

10. Plaintiff is an African American male who resides in Pensacola, Florida. He was employed by Defendant from January 17, 2017, until his unlawful termination on December 9, 2019.

11. Defendant, Defendant, Board of Commissioners, Escambia County, Escambia County Area Transit, is a political subdivision of the State of Florida, empowered to carry on county government pursuant to section 125.01, Florida Statutes and is an employer within the meaning of the ADA, ADAA, FMLA

3

and Title VII.

## GENERAL FACTS

12. Plaintiff is a 30 year old African American male.

13. On or about January 17, 2017, Plaintiff was hired by Defendant for the position of Fueler-Mass Transit.

14. This class of fueler performs fueling and topping off of various vehicle fluids, keeps logs of all fluids used, and records the mileage of the fleet.

15. Plaintiff performed the duties and responsibilities of his position in a more than satisfactory manner.

16. At the time of Plaintiff's hire, Defendant employed two fuelers, inclusive of Plaintiff.

17. Not long after Plaintiff's hire, the other fueler was terminated, leaving Plaintiff as the only fueler.

18. Plaintiff was the sole African American in the Maintenance Department.

19. On several occasions Plaintiff was the subject of discriminatory treatment by his Caucasian supervisor and other maintenance department employees.

20. When Plaintiff was involved in a fueling incident he was suspended and investigated, when similar incidents by the Caucasian maintenance employees

went undisciplined.

21. In one situation a Caucasian co-worker of Plaintiff ran over a fence and was not disciplined. The same employee had previously sent a text messages saying he wanted to be treated like the "white man" that he was and not a "black man". This was the overriding attitude of the all-white maintenance department in which Plaintiff worked.

22. After the continued unfair treatment by Defendant and his November 2019 suspension, Plaintiff began to write incident reports to document the unequal treatment by his supervisor. On multiple occasions, his supervisor would throw away the incident reports after Plaintiff turned them in.

23. In July 2019, because of the increased workload, Plaintiff injured his left shoulder.

24. Plaintiff maintained his full-time status with Defendant and continually worked 40 or more hours a week.

25. Plaintiff was an "eligible employee" for purposes of the FMLA as he was employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

26. Defendant had sufficient knowledge and information of Plaintiff's injuries and medical condition and that Plaintiff was a qualified individual entitled to FMLA leave.

27. Plaintiff applied for and was granted FMLA for his shoulder injury.

28. During the certification process, Plaintiff provided Defendant with documentation form his doctor that his shoulder injury would continue to flare up with continued overuse and that Plaintiff was being placed on light duty with a 10 pound lifting restriction.

29. As Plaintiff was the only fueler, he was doing the work of two or three people himself, which caused his shoulder injury to flare up.

30. Defendant's supervisor knew this yet would not make any type of accommodation for Plaintiff. Instead, Plaintiff's supervisor kept telling him that the fuel island is a one-man job now and you will do it or anything else I tell you to do.

31. On several occasions because of the continual overuse of his shoulder, Plaintiff would leave his shift and have to go to the doctor because of the shoulder pain.

32. Plaintiff's treating physicians provided him with discharge paperwork following each visit.

33. After these visits, Plaintiff provided Defendant and its HR department with copies of the discharge forms and other paperwork needed for any FMLA related leave.

34. Defendant knew or reasonably should have known that the paperwork

or doctor's excuses provided to it were related to his shoulder injury.

35. If the certification paperwork provided by Plaintiff or his or her health care provider was incomplete or insufficient, Defendant had an obligation to notify Plaintiff in writing of the additional information necessary to make the leave request certification sufficient and complete.

36. Defendant provided Plaintiff with attendance warning, but did not provide any written communication to Plaintiff regarding any FMLA insufficiency.

37. With each attendance warring, Plaintiff refused to sign said warning and reiterated to Defendant that any absences related to the warnings were FMLA related and that he had already provided Defendant the required paperwork linking his absence to his treatment for his FMLA related shoulder injury.

38. Defendant had knowledge of Plaintiff's disability and shoulder injury when he informed Defendant of his disability and applied for FMLA.

39. Plaintiff is a qualified individual with a disability:

> (i) he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;
> 
> (ii) Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.
> 
> (iii) he has a record of such impairment; and,
> 
> (iv) he was regarded (perceived or otherwise) by Defendant as having such impairments.

40. Plaintiff's disabilities substantially affected the major life activities of mobility, lifting and bending.

41. Plaintiff had the ability to perform the essential functions of his position and did so without incident until he was terminated by Defendant.

42. Defendant knew of Plaintiff's medical condition and refused to discuss an accommodation, but instead made him do the job of two fuelers without help in retaliation and discriminated against him because of his disability.

43. On December 9, 2019, Plaintiff's employment was terminated. Any possible assertion that Plaintiff was terminated for performance, absences or any other reason, or that there was a viable business justification for his dismissal, is entirely *pretextual* for Defendant's blatant retaliation and discrimination against him because of his disability and in violation of his substantive rights under the FMLA.

### FIRST CAUSE OF ACTION
*(DISABILITY - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 of this complaint with the same force and effect as if set forth herein.

45. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with

Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

46. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

47. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

48. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

49. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted

a prohibited employment practice, contrary to the public policy of the ADAA.

50. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

51. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

52. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

53. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§

12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

54. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 of this complaint with the same force and effect as if set forth herein.

55. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

56. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

57. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments

of 2008, as the Defendant employed more than 15 employees.

58. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

59. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

60. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory events that lead to his discharge from Defendant's employment.

61. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances,

resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

62. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

63. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

THIRD CAUSE OF ACTION
*(FMLA INTERFERENCE)*

64. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 of this complaint with the same force and effect as if set forth herein.

65. Defendant knew of Plaintiff's medical condition and refused to discuss any type of accommodation, FMLA leave or acknowledge that his shoulder injury was related to his working environment.

66. Defendant had more than sufficient knowledge that Plaintiff's absences were for an FMLA-qualifying reason.

67. Defendant knew or should have known that Plaintiff's medical

conditions were or could have been qualified under the FMLA.

68. Defendant unlawfully interfered with Plaintiff's rights under the Family and Medical Leave Act when it acquired sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason.

69. Defendant knew or should have known of Plaintiff's eligibility to take FMLA and refused, to notify Plaintiff of his FMLA leave rights.

70. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

71. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

72. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

*FOURTH CAUSE OF ACTION*
(FMLA RETALIATION)

73. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 43 of this complaint with the same force and effect as if set forth herein.

74. Plaintiff's claim of retaliation under the FMLA.

75. Plaintiff availed himself of a protected right under the FMLA.

76. Plaintiff suffered an adverse employment decision as he was terminated on December 9, 2020.

77. Defendant's decision was directly related to Plaintiff's FMLA protected activity.

78. Defendant's retaliation was motivated by its impermissible retaliatory or discriminatory animus towards Plaintiff for asserting his rights under the FMLA.

79. Defendant knew that Plaintiff was on FMLA and that certain absences and tardiness were for FMLA reasons. Nevertheless, Defendant knowing terminated Plaintiff's employment for excessive absences.

80. When Plaintiff tried to point out to Defendant that said absences were covered by his FMLA leave, Defendant refused to address the issue and proceeded forward termination.

81. Defendant unlawfully retaliated against Plaintiff's for asserting his federally protected rights under the Family and Medical Leave Act when Defendant had sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason and still chose to terminate him.

82. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

83. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

*84.* Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

## *FIFTH CAUSE OF ACTION*
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

85. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43 of this complaint with the same force and effect as if set forth herein.

86. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1981.

87. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *SIXTH CAUSE OF ACTION*
*(RACE DISCRIMINATION- RETALIATION - 42 U.S.C. § 1981)*

88. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43 of this complaint with the same force and effect as if set forth herein.

89. Defendant has retaliated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1981.

90. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### *SEVENTH CAUSE OF ACTION*
*(Race Discrimination-– Title VII)*

91. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43 of this complaint with the same force and effect as if set forth herein.

92. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of Title VII.

93. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### *EIGHTH CAUSE OF ACTION*
*(RACE RETALIATION - FEDERAL CLAIM – TITLE VII)*

94. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43 of this complaint with the same force and effect as if set forth herein.

95. Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of his employment on the basis of his race in violation of Title VII.

96. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the, FMLA, ADA, ADAA; Title VII and Section 1981;

b) Enjoining and permanently restraining those violations of the FMLA, ADA, ADAA; Title VII and Section 1981;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's

discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

  e)  Awarding Plaintiff liquidated damages;

  f)  Awarding Plaintiff compensatory damages;

  g)  Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

  h)  Granting such other and further relief as the Court deems just and proper in the premises.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: May 17, 2021.    By: */s/ Clayton M. Connors*
              CLAYTON M. CONNORS
              Florida Bar No.: 0095553
              Email: cmc@westconlaw.com
              **THE LAW OFFICES OF**
              **CLAYTON M. CONNORS, LLC.**
              4400 Bayou Blvd., Suite 32A
              Pensacola, Florida 32503
              Tel: (850) 473-0401
              Fax: (850) 473-1388
              Attorney for Plaintiff